IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr9-MHT |
| **CLARENCE DONYA HICKS** | ) | (WO) |

OPINION

Defendant Clarence Donya Hicks stole over $ 250,000 from the federal government by filing fraudulent tax returns under stolen Social Security numbers.  He pled guilty to one count of False, Fictitious, and Fraudulent Claims, 18 U.S.C. § 287, and one count of Aggravated Identity Theft, 18 U.S.C. § 1028A. The court granted Hicks's motion for a 'variance' and imposed a sentence of 33 months on the False Claims count and 24 months on the Aggravated Identity Theft count, with the sentences to run consecutively for a total of 57 months.  The court orally gave its reasons for the variance at the sentencing hearing; however, for the sake of clarity, this opinion outlines those reasons.

Aggravated Identity Theft carries a mandatory two-year sentence.  The statute reflects the sense of Congress that a crime that is committed through use of another person's identifying information is significantly more harmful than that same crime committed without identity theft.  See H.R. Rep. No. 108-528, at 780-81 (2004).  A defendant has committed Aggravated Identity Theft if he "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" during and in relation to one of the 'predicate felonies' listed in the statute.  18 U.S.C. § 1028A(a)(1).

False Claims, § 287, is not a predicate offense for Aggravated Identity Theft.  As a result, in order to provide sufficient factual support for Hicks's guilty plea on the Aggravated Identity Theft count, he also admitted that he was guilty of a count of Wire Fraud, 18

U.S.C. § 1343, which is a predicate offense listed in the Aggravated Identity Theft statute.[1]

The Aggravated Identity Theft statute places a number of restrictions on a court's discretion in evaluating the reasonableness of a sentence under 18 U.S.C. § 3553(a). The two-year sentence must be served by a term of imprisonment and may not run concurrently with another sentence, unless that sentence is also for Aggravated Identity Theft. § 1028A(b)(1), (b)(2) & (b)(4). Finally, and most relevant to this case, § 1028A(b)(3) provides that, "in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account [the mandatory two-year sentence]."

---

[1]. Hicks pled guilty to two counts (False Claims and Aggravated Identity Theft), which concerned a tax return filed using the Social Security number of a person with the initials E.O. The Wire Fraud count, Count 14, concerned the same filing.

A close analysis of § 1028A(b)(3) reveals that it does not always bar the court from considering the totality of a sentence for a defendant who has an Aggravated Identity Theft conviction alongside another conviction.  It restricts the court's discretion for only "<u>the</u> felony during which the means of identification was transferred, possessed, or used." <u>Id</u>. (emphasis added). In the context of the statute, the definite article indicates that Congress was referring to a specific felony: the predicate felony identified in § 1028A(a). Only two Circuit Courts of Appeals, the First and the Ninth, have considered whether § 1028A(b)(3) also restricts the court's discretion to reduce the term imposed for a <u>non-predicate felony</u>.  Both courts have found that it does not. <u>United States v. Wahid</u>, 614 F.3d 1009, 1013-14 (9th Cir. 2010); <u>United States v. Vidal-Reyes</u>, 562 F.3d 43, 49-56 (1st Cir. 2009). The First Circuit's opinion in <u>Vidal-Reyes</u> engages in a

4

particularly persuasive examination of the text, legislative intent, and purpose of § 1028A.[2]

Nonetheless, there is an important difference between Hicks's circumstances and those on the First and Ninth Circuit cases.  In Vidal-Reyes and Wahid, the defendants' non-predicate convictions were not related to the conduct underlying their Aggravated Identity Theft convictions.  For Hicks, however, the False Claims conviction arose out of the same behavior as the predicate act of Wire Fraud.  The court must therefore balance two competing statutory directives.

On one hand, § 1028A permits in Hick's case, and as a result § 3553(a) requires, the court to independently assess the reasonableness of the complete sentence, including the two years added for Aggravated Identity Theft. See United States v. Jordan, 582 F.3d 1239, 1249

---

2. At the sentencing hearing in this court, the government did not challenge that the interpretation of the statute allowed the court to use its discretion in determining the reasonableness of the total sentence.

(11th Cir. 2009) ("the district court applies an incorrect legal standard in fashioning a sentence, and therefore abuses its discretion, if it ... fails to consider the sentencing factors set out in 18 U.S.C. § 3553(a)"). On the other hand, § 1028A reflects Congress's sense that a crime becomes more serious, more deserving of punishment and more in need of deterrence when a stolen identity is used. See also § 3553(a)(2)(A) (the court shall consider the need for the sentence "to reflect the seriousness of the offense ... and to provide just punishment for the offense.").

Hicks's total U.S. Sentencing Guidelines range was 65-75 months. He received a total-offense level, after special offense characteristics and adjustments, of 21 and was in Criminal History Category II. This resulted in a guidelines range of 41-51 months on the False Claims count, to which 24 months were added for Aggravated Identity Theft, for a total of 65-75.

To establish a benchmark against which the court could determine the fairness of a 65-75 month sentence, the court, with the assistance of the Deputy Probation Officer, computed what Hicks's guidelines sentence would be if the Aggravated Identity Theft sentence did not run consecutively to the False Claims sentence.  In that case, the counts would be grouped as involving the same victim (E.O.) and the same act or transaction. U.S.S.G. § 3D1.2(a). Hicks would receive an additional two levels because he had used stolen Social Security numbers to open prepaid debit cards, onto which he directed tax refunds for Tax Year 2009. § 2B1.1(b)(11)(C)(I); commentary (n.10(C)(ii)(II)). In the actual guidelines calculation, Hicks did not receive this enhancement because the two-year sentence for § 1028A "accounts for this factor," and the guidelines instruct the court not to apply any additional enhancements on top of the Aggravated Identity Theft sentence. U.S.S.G. § 2B1.6 commentary (n.2).  Therefore, absent the specific

7

sentence for Aggravated Identity Theft, Hicks would have a total-offense level of 23, resulting in a guidelines sentence of 51-63 months.

With the actual guidelines sentence of 65-75 months to this hypothetical guidelines calculation, it becomes apparent that even the low end of the guidelines range is higher than necessary to meet the requirements of § 3553(a).  With the § 3553(a) factors, Congress directed courts to look through to the actual conduct, in part to discourage count manipulation, in which similar defendants' sentences differ substantially solely because of charging decisions on the part of the prosecution. See 18 U.S.C. § 3553(a)(6); United States v. Fuentes, 107 F.3d 1515 (11th Cir. 1997) (quoting U.S.S.G. Ch. 1, Pt. A, intr. comment. § 4(a), p.s).  The sentencing approach of § 1028A(b)(3) provides an exception to this general rule. Since  § 1028A(b)(3) does not apply, the court compared Hicks to an identical defendant who was differently charged or differently convicted for the same

conduct. Such a defendant would face a guidelines sentence of, at most, 63 months, two fewer months of imprisonment than Hicks's lowest guidelines sentence.

The court therefore used the hypothetical guidelines range as a starting point to determine a reasonable total sentence for Hicks's conduct. Since Hicks's use of stolen identities made his fraud more serious than another fraud by other means, the court determined that a total sentence of 57 months, at the middle of the hypothetical range, was appropriate.

For all of these reasons, the court was convinced that a variance down to a sentence of 33 months for False Claims, 18 U.S.C. § 287, consecutive to a 24-month sentence for Aggravated Identity Theft, 18 U.S.C. § 1028A, for a total of 57 months, was appropriate to satisfy the factors reflected in 18 U.S.C. § 3553(a).

DONE, this the 9th day of December, 2013.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE